[Crim. No. 4639.  Second Dist., Div. One.  July 16, 1951.]

THE PEOPLE, Respondent, v. DELWIN E. LINDSEY, Appellant.

Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

DORAN, J.—Two defendants were charged with the violation of section 337a, subdivision 2 of the Penal Code in that they kept and occupied a residence with books, papers and paraphernalia for the purpose of recording and registering bets upon the result of horse racing. A jury was duly waived and the issue submitted by stipulation upon the transcript of the preliminary hearing. Defendants were found guilty as charged. Proceedings were suspended and defendants granted probation with the condition that appellant serve 90 days in the county jail. Defendant Lindsey appeals from the judgment and order denying a motion for a new trial.

Inasmuch as no judgment was pronounced, the appeal from the judgment is dismissed.

It is contended on appeal that the evidence is insufficient to sustain the conviction and that the motion for a new trial should have been granted.

The record reveals that two officers entered a private residence containing five rooms. The house was unfurnished. The officers went into one of the rooms and "observed the appellant and his co-defendant just getting up from chairs in front of two tables, on each of which was located a telephone, betting markers and scratch sheets. The rear door was opened to permit an investigator to come in. They searched the appellant and his co-defendant and found on the co-defendant a key to the door into the kitchen from the back porch. Another key was taken from the person of the appellant, which was a key to the same door. The officers also found a National scratch sheet for October 21, 1950 on the table to the right, lying beside a telephone on that table and in front of the co-defendant. Also on this table they found a pad with printed lines on it, on which was written in pencil various numbers, symbols and names. On the table in front of the appellant was found another National scratch sheet for Saturday, October 21, 1950, and on this table was also found various pieces of paper and part of a pad of paper with

printed lines on them and appearing thereon in pencil various numbers, symbols and names, together with a rubber stamp date on different pieces of paper.''

One of the officers qualified as an expert and testified that "in his opinion the pads and papers were betting markers and the notations on the betting markers represented bets made on horses running that day.'' The defendants did not testify.

In the circumstances the order may be reversed on appeal only when there is a lack of substantial evidence to support the conclusion reached by the trial court. The record reveals no such situation in the within action. There are no prejudicial errors in the record.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.